UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INLAND WATERS POLLUTION CONTROL,
  Plaintiff and Counter-Defendant,

               Case No. 05-74785

               HONORABLE DAVID M. LAWSON
v.              MAGISTRATE JUDGE STEVEN D. PEPE

JIGAWON, INC., ET AL.
  Defendants and Counter-Plaintiffs.
               /

**Order Denying in Part Defendant-Counter Plaintiff's Motion to
Reconsider Decision Allowing Discovery and Seeking a Protective Order:**

On January 22, 2008, District Judge Lawson issued an opinion for summary judgment granting in part Plaintiff and Defendants' motions for summary judgment (Dkt. # 112). In his Opinion and Order, Judge Lawson addressed Plaintiff's motion for sanctions (Dkt. # 88) which has been referred to the undersigned for Report and Recommendation (Dkt. # 89) noting that: "(1) Discovery as to issues raised in the supplemental papers filed on the motion for sanctions is extended to February 25, 2008, and (2) the Magistrate Judge may enter an order scheduling proceedings for sanctions previously referred, but the motion shall be decided on or before March 31, 2008." *Id.* at 34.

Subsequently, the parties have been active in trying to proceed forward. To wit: (1) Plaintiff attempted to schedule depositions for the 12th and 13th of February 2008 in Houston, Texas; and (2) on February 5, 2008, Defendants filed a motion for protective order and reconsideration of order allowing discovery (Dkt. # 116).

For the reasons discussed below it is ordered that Defendants's motion is **DENIED IN PART** and **DEEMED AS MOOT IN PART**.

**I. Background:**

Plaintiff is in the environmental and industrial cleaning services, providing services such as sewer cleaning. Defendant Jigawon, Inc., which is owned by Defendants Malvin and Kimberly Nezat, provides large bore sewer cleaning services. At various times during the past twenty years, Plaintiff employed Mr. Nezat to assist in training Plaintiff's employees in the field of sewer maintenance and rehabilitation.

In 2003, Mr. Nezat and Plaintiff began negotiations to develop Jigawon sewer cleaning systems. Over the ensuing months, Plaintiff paid Mr. Nezat a weekly salary and invested heavily in the development of this technology. Per Plaintiff, Defendants failed to produce a working system.

Plaintiff claims that since the onset of litigation, they have sought to determine whether Defendants had any outside funding or assigned any licenses or patents to any other individual (Dkt. # 88, p. 8). Plaintiff argues that this information is essential because under an implied contract claim they are asserting a right to Defendant, Jigawon, Inc.'s, patents/licenses. Plaintiff filed its motion for sanctions on October 3, 2007 (Dkt. # 88), and Defendants' responded on October 22, 2007 (Dkt. # 95). Plaintiff replied to this response on October 30, 2007 (Dkt. # 102). Both parties filed supplemental briefs, and a motion hearing was held on November 6, 2007 (Dkts. ## 105, 106, 107 & 108).

**II. Defendants' Motion:**

   *A.   Request to Reconsider Discovery:*

In their motion for a protective order and to reconsider the allowance of depositions, Defendants argue that, in light of the mutual dismissal of patents claims, discovery is unnecessary. Even if discovery is permitted, Defendants claim that the discovery sought by

Plaintiff "exceeds that contemplated by Judge Lawson's January 22, 2008 order" (Dkt. # 116). Judge Lawson rebutted this last assertion when he noted that "the Court issued an opinion and order on January 22, 2008 that extended the time for discovery until February 25, 2008. This portion of the order only dealt with scheduling, and not with the scope of discovery on the issue of sanctions, which is presently being considered by Magistrate Judge Pepe" (Dkt. # 119).

Alternatively, if discovery is allowed to proceed, Defendants would like to narrow its scope claiming that Plaintiff seeks discovery that is "extreme, overreaching, noticed without prior consultation on dates and irrelevant given the dismissal of patent claims" (Dkt. # 116, p. 2).

While the parties' patent claims are dismissed, Plaintiff's issue of alleged discovery abuse by the Nezats remains. Notwithstanding Defendant's assertions otherwise, dismissal of the patent claims does not make discovery a matter of "no import" (Dkt. # 116, p. 2). In *Johnson v. Ventra Group, Inc.*, 191 F.3d 732 (6th Cir. 1999), the Sixth Circuit held that a Plaintiff's motion for discovery sanctions was not rendered moot by entry of summary judgment in favor of defendants. Instead, the court ruled that "the district court erred in denying Johnson's motion on the basis that it was moot, because the court could have considered the motion for sanctions despite ruling on the merits." *Johnson*, 191 F.3d at 749. *See, e.g., Bank Atlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1046 (11th Cir.1994) (affirming the district court's imposition of sanctions against the defendant despite the court's judgment in the defendant's favor).

Plaintiff's claims for an implied in fact breach of contract, unjust enrichment and quantum *meruit* were not dismissed by Judge Lawson's Order and Opinion. Plaintiff asserts that Defendants' patent(s) may be an asset to levy should it prevail at trial and it also argues it is entitled to assignment of at least a portion of the patent rights because it financed the

development of Defendants' patented device.  The discovery sought by Plaintiff will enable it better to determine whether the rights to Defendants' patent(s) have been assigned to other investors.

Accordingly, Defendants' motion to deny, or in the alternative, narrow the scope of discovery is **DENIED**.

   B. *Defendants' Request for a Protective Order:*

Defendants are involved in a separate Texas state court lawsuit involving other investors/financiers in Jigawon, Inc.  Given this state court suit, Defendants' motion sought a protective order sequestering the individual deponents from sitting in on depositions of others or reading the deposition transcripts until depositions in the Texas suit had been taken.  Defendants' concerns, while understandable, have been resolved by events and Plaintiff's agreement to exclude non-parties from any depositions.  Plaintiff presently has only one deposition scheduled for this week.  Given this, no one will be deposed *seriatim* obviating the need to sequester anyone.  The parties have agreed that the need for a protective order no longer exists.  Accordingly, determined that portion of Defendants' motion seeking a protective order **IS DENIED AS MOOT**.

At a hearing on these matters on February 11, 2008, it was agreed that discovery be extended to March 4, 2008.  This date is approved and the parties will complete discovery and provide all materials to the undersigned in an expedited manner.

**SO ORDERED.**


Dated: February 12, 2008.           s/Steven D. Pepe
Ann Arbor, Michigan             United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 12, 2008.

                                                s/ Alissa Greer
                                                Case Manager to Magistrate
                                                Judge Steven D. Pepe
                                                (734) 741-2298