UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INLAND WATERS POLLUTION CONTROL,

        Plaintiff,                  CASE NO.: 2:05-CV-74785

vs.                                      DISTRICT JUDGE DAVID M. LAWSON
                                       MAGISTRATE JUDGE STEVEN D. PEPE
JIGAWON, INC., et. al.,

        Defendants

JIGAWON, INC, et. al.,

        Counter-Plaintiffs,
vs.

INLAND WATERS POLLUTION CONTROL, INC.,

        Counter Defendant,
and

SOAVE ENTERPRISES, INC., et. al.,

        Third-Party Defendants.

_____/

**Order Regarding Defendants'
Motion to Exclude Deposition Testimony and for Sanctions (Dkt. # 129).**

On October 1, 2007, Plaintiff filed a Motion for Sanctions seeking dismissal of

Defendants' Counterclaim and Third-Party complaint as well as recovery of all costs and

attorney fees expended for discovery efforts undermined by Defendants' conduct (Dkt. # 88).

This motion was referred for Report and Recommendation on October 11, 2007, pursuant to 28

U.S.C. § 636(B)(1)(b) (Dkt. # 89).

On January 22, 2008, District Judge David Lawson issued an Opinion and Order in this

matter that also addressed case management and scheduling noting that "the Magistrate Judge

may enter an order scheduling proceedings on the motion for sanctions [dkt # 88] previously referred" (Dkt. # 112, p. 34). On February 5, 2008, Defendants filed a Motion for Protective Order (Dkt. # 116) which was referred to the undersigned on February 7, 2008 (Dkt. # 119). On February 12, 2008, the undersigned issued an Order that denied Defendants' motion to deny or narrow the scope of discovery and deemed Defendants' request for protective order moot (Dkt. # 120, p.3-4). This Order also stated that it was agreed that "discovery be extended to March 4, 2008," with briefing to follow shortly thereafter. *Id*. at 4. At the telephonic conference discussing Defendants' Motion for Protective Order (Dkt. # 116), Defendants' counsel, as is his right, objected to Plaintiff's request to utilize affidavits instead of depositions because of the hearsay problem posed by affidavits and lack of cross examination. This objection necessitated Plaintiff's March 3, 2008, depositions of David Torkelson and Henry LeDay.[1]

On March 13, 2008, Plaintiff filed a supplemental brief based, in part on the March 3, 2008, depositions (Dkt. # 124). On March 20, 2008, Defendants filed the present Supplemental Motion in *Limine* (Exclusion of Testimony of David Torkelson and Henry LeDay) for Discovery Abuses and Sanctions (Dkt. # 129). On April 1, 2008, Defendants' motion for sanctions was referred to the undersigned (Dkt. # 132).

Plaintiff has not replied to Defendants' Motion. The Local Rules provide Plaintiff 14 days to respond to Defendants' Motion to Exclude Deposition Testimony and for Sanctions. *See* LR 7.1(d)(2)(B). Defendants filed their motion on March 20, 2008 and as such 14 days have run since the filing of Defendants' Motion. This Court is ruling on the Motion due to the

---

[1] The deposition of John Risley had occurred on February 14, 2008.

undersigned's issuance, in concert with this Order, of a Report and Recommendation addressing Plaintiff's underlying Motion for Sanctions (Dkt. # 88).

For the reasons discussed below **IT IS ORDERED** that Defendants' Motion be **DENIED** with alternative relief being provided.

**I.     Background:**

Defendants allege that Plaintiff's counsel's conduct during the March 3, 2008, depositions of Henry LeDay and David Torkelson abused the discovery process by failing to "either amend its depositions notices to one without documents, giving fair timely warning of withdrawing *subpoena duces tecum* to allow, if necessary, issue of cross notices and *subpoena duces tecum*" (Dkt. # 129, p.6).

The actions leading to Defendants' Motion is the fact that deponents did not bring to the deposition the documents which they were required to bring per the *subpoena duces tecum* which stated that "you are commanded to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects)" (Dkt. # 129, Ex. 3). The documents listed were "Attached Addendum A." *Id*.

Instead, the deponents provided these documents to Plaintiff's Detroit counsel in advance of the deposition, and Plaintiff's counsel did not bring all of these materials to the Houston depositions. Plaintiff's counsel did bring to the depositions documents it thought relevant to the sanctions motion.

Mr. Brown asserts this deprived him of the opportunity to cross examine Mr. LeDay and Torkelson on the other documents that were not brought to the deposition. Defense counsel asserts this was "willful and intend to, and clearly did hinder and frustrate cross examination of

these witnesses." *Id.* at 3. Defense counsel notes that Plaintiff's counsel remarked that Kim Nezat could have provided the missing documents in question to her counsel.[2] Yet, Mr. Brown asserts that

> Mr. Risley at his February 14th deposition stated, and Torkelson confirmed, no one was provided copies of documents [EX A Torkelson Dep. Pg. 25, L 1-3].

Defendants Brief, Dkt. # 129. at p.2

The Torkelson deposition cited by Mr. Brown refers only to any Rusty Nezat license to Jigawon Ventures LLC, any issuance of any share certificates and the Ventures "company agreement." It is not clear where in the Risley deposition Mr. Brown finds this. What seems clear, and is explained in detail in the accompanying Report and Recommendation issued this day, Kim Nezat had access to the Joint Venture Agreement, the Unanimous Written Consent, and likely the September 21, 2006, Henry Thomas note, which documents were probably provided to Mr. Brown when he drafted his September 2006 facsimile memorandum to David Torkelson.[3] The EXHIBIT INDEX to the March 3, 2008, Torkelson deposition makes it clear that those documents (Exhibits # 1 # 2, & # 20) were available at the deposition as well as the Company Agreement (Exhibit # 3) and multiple other exhibits related to Jigawon Ventures LLC.

---

[2] When Defendants' counsel complained about this, Plaintiff's counsel replied: "you could have gotten the documents from Kim, although she claims there are no documents" (Dkt. # 129, Ex. March 3, 2008, Deposition of David Torkelson, p.31:3-5).

[3] The Report and Recommendation issued contemporaneous with this Order finds that
>   6. Kim Nezat gave false deposition testimony on July 6, 2007, and her denials of having possession of any documents from investors was intentionally false.
>   7. Attorney Brown failed to correct Kim Nezat's false deposition testimony on July 6, 2007.

They had also been available to Mr. Brown prior to the March 2008 depositions from earlier court filings in this case.

Many of the documents discussed in the deposition had been previously submitted in filings to this Court undermining any claim of prejudice to defense counsel. The Fisher-venture document referenced by defense counsel in the present motion for sanctions (Dkt. # 129, p. 2) was attached as an exhibit to several of Plaintiff's filings with this Court. *See* Docket # 102, Ex.2 & Docket #88, Ex. I.

The claim that Defense counsel at the deposition did not know or have reason to know when certain monies were returned to Henry Thomas also lacks credibility. Here again there is no credible showing of prejudice. Plaintiff obtained records of Jigawon Venture LLC's Comerica bank account directly from Comerica. The bank records pertaining to the Henry Thomas notes were provided to Mr. Brown including: a September 28, 2006, Henry Thomas $50,000 check written to Jigawon Ventures LLC, an October 2, 2006, Comerica deposit slip for that check, and a December 15, 2006, $50,000 withdrawal slip (for the refund to Thomas). These were attached to Plaintiff's earlier submission of November 26, 2007. *See* Docket # 108, Ex. C, Henry Thomas Investment Information. Thus, the return date for the funds to Mr. Thomas was in records in the possession of Mr. Brown.

Yet, without knowing what other documents were obtained by Plaintiff's counsel from Messrs. LeDay and Torkelson, it is not possible for Mr. Brown to make further efforts of showing some prejudice. He should be given that opportunity. Because it is doubted that any prejudice can be shown regarding the portions of the depositions of Messrs. Le Day and Torkelson relied on in the accompanying Report and Recommendation with all of the documents

5

they discussed being both in the possession of defense counsel prior to the March 3, 2008, depositions and available to him at those depositions, their depositions will not be stricken. Imposition of alternative sanctions is a matter left to the court's discretion. *See Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63, 1997 WL 151741 (6th Cir. 1997) (Judges have broad discretion under Rule 37 to make such orders as are just to redress discovery abuse.).

It is a standard practice that documents sought pursuant to a subpoena *duces tecum* for a deposition will be presented and available at the deposition. Federal Rule of Civil Procedure 45 governs the production of documents by non-party deponents noting that a subpoena must include "a command to produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C). The rules vary for instances when the individual being deposed is a party to the suit as the 1970 Advisory Committee notes provide that

> A provision is added to enable a party, through service of notice, to require another party to produce documents or things at the taking of his deposition. This may now be done as to a nonparty deponent through use of a subpoena duces tecum as authorized by Rule 45, but a party only under Rule 34.

1970 Advisory Committee Notes Subdivision (b)(5).

Federal Rule of Civil Procedure 30(f)(2) provides for the production of copies of documents at a deposition so that "any party may inspect and copy them." Fed. R. Civ. P. 30(f)(2). Federal Rule of Civil Procedure 30 also provides that "the court may impose an appropriate sanction. . . . on a person who impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The ability to sanction includes "reasonable expense and attorneys fees." *Id*.

Mr. Brown had a right to rely on the deposition notice and subpoena that these documents would be available at the deposition. Yet, despite the actions of Plaintiff's counsel, Defendants' counsel was able to depose Henry LeDay and David Torkelson extensively. Because all of the documents relied on in the Report and Recommendation were available to Mr Brown both prior to and at that deposition[4], and Mr. Brown has not shown any prejudice with respect to those documents and the LeDay or Torkelson testimony concerning them, Defendants' request to strike the LeDay and Torkelson depositions from consideration **IS DENIED.**

Yet, **IT IS ORDERED** that:

1.) Plaintiff's counsel at their expense within seven (7) calendar days provide defense counsel a copy of all documents obtained by subpoena from Messrs. LeDay and Torkelson which were not available at the March 2008 depositions of these two individuals.

2.) Defendants' counsel is provided ten (10) business days from receipt of these documents to prepare and submit to this Court a memorandum showing how Defendants have been prejudiced by Plaintiff's actions; and

3.) A verified statement of the expenses, including attorney fees incurred in bringing this motion.

4.) Upon a showing of actual and significant prejudice, (I.) Defendants will be provided additional time to respond to the undersigned's Report and Recommendation; and (ii.) Plaintiff's counsel will be ordered to pay the reasonable expenses, including attorney fees, incurred in bringing this motion.

Jurisdiction is retained on this Motion awaiting Defendants' reply and for the possible imposition of any additional sanctions or other remedies as are deemed just.

---

[4] These documents include (1) the Fisher (or Joint Venture) Agreement (Dkt. # 88, Ex. I), (2) the Unanimous Written Consent (Dkt. # 108, Ex. D) and (3) the Henry Thomas note (Dkt. # 104, Ex. 1 & Dkt. # 108, Ex. B). These documents were submitted as exhibits attached to filings by both parties, and discussed at length by counsel for both sides in briefings submitted to and hearings held before this Court.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

**SO ORDERED.**

April 8, 2008                                                  s/ Steven D. Pepe  
Ann Arbor, MI                                             United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 8, 2008.

                                                     s/ Alissa Greer  
                                                     Case Manager to Magistrate  
                                                     Judge Steven D. Pepe  
                                                     (734) 741-2298